UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-51-RJC
(3:06-cr-7-RJC)

| | |
|---|---|
| THOMAS LAGENE FRANKLIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>) **ORDER**<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1), and Respondent's Answer and Motion to Dismiss Petitioner's Motion. (Doc. Nos. 17; 18). After reviewing Petitioner's Motion, Respondent's Answer and Motion to Dismiss, the record in this matter in the underlying criminal case and the instant case, and the relevant law, the Court finds that Petitioner's Motion should denied and dismissed and that Respondent's Motion to Dismiss should be granted.

**I.    BACKGROUND**

On January 24, 2006, Petitioner was charged in a one-count Bill of Indictment by the Grand Jury sitting for the Western District of North Carolina for being a felon-in-possession of a firearm after having been convicted of crimes punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:06-cr-7, Doc. No. 1: Indictment). Petitioner's counsel filed proposed jury instructions on October 9, 2006, in preparation for his scheduled trial. (Doc. No. 19). On October 10, 2006, Petitioner entered into a plea agreement

1

with Respondent, (Doc. No. 20: Plea Agreement), and Petitioner appeared before the Court for a Rule 11 hearing that same day. Under the terms of the plea agreement, filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Petitioner and Respondent stipulated that (1) Petitioner qualified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and (2) Petitioner agreed that he would receive an active sentence of fifteen years in prison. (Id.). Petitioner was placed under oath and examined by the Court. Petitioner averred that he had reviewed the plea agreement with his counsel and that it represented his entire agreement with Respondent. (Doc. No. 38 at 7: Transcript of Plea & Rule 11 Hearing). Petitioner acknowledged that if the Court chose not to accept the plea agreement, Petitioner could withdraw his plea of guilty. (Id. at 8). Petitioner averred that he understood that by signing the plea agreement he had waived his right to appeal or collaterally attack all or part of his sentence. (Id. at 10). Respondent reviewed the terms of the plea agreement in open court and Petitioner stated that he understood and agreed with the terms of the plea agreement. (Id. at 26).

After considering Petitioner's answers during the hearing, the Court found Petitioner's guilty plea was knowingly and voluntarily made, and that he understood the nature of the charges, including the potential penalties, and consequences of his plea. Based on these findings, the Court accepted Petitioner's plea of guilty but deferred acceptance of the plea agreement pending a review of Petitioner's presentence investigation report ("PSR"). (Id. at 27).

On or about January 11, 2007, Petitioner's PSR was completed and Petitioner appeared before the Court for sentencing on February 5, 2007. Petitioner confirmed that he was satisfied with the services of his attorney, that he had reviewed the PSR, and that he wished to proceed with sentencing. (Doc. 37 at 2-3: Transcript of Sentencing Hearing). The Court accepted the plea agreement, (id. at 4), and then heard from Petitioner and his counsel regarding objections to the PSR and sentencing.

Petitioner's counsel agreed Petitioner would be sentenced to the mandatory minimum sentence of fifteen years. (Id. at 4). Petitioner's counsel then explained the basis of Petitioner's objection to the PSR: "My client's objections primarily come down to a fundamental misunderstanding of how the statute and the guidelines work together." (Id. at 5). Petitioner's counsel explained to the Court that Petitioner believed because he was not sentenced to ten years for his 1991 North Carolina conviction he could not qualify as an armed career criminal under 18 U.S.C. § 924(e). Petitioner's counsel described his discussions with Petitioner and his explanation to Petitioner that the statute only required that the maximum sentence for the 1991 conviction be a maximum of ten years, regardless of the actual sentence imposed. (Id. at 5-6). Petitioner addressed the Court and stated, "I appreciate you accepting my plea." (Id. at 8). After some discussion regarding Petitioner's objection, the Court sentenced Petitioner to the statutory mandatory minimum of fifteen years. On February 20, 2007, the Court entered Judgment. (Doc. No. 24). Petitioner did not file a direct appeal from his sentence or judgment.

On February 5, 2008, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence alleging various claims, including a claim that Petitioner's trial counsel was ineffective for failing to file a direct appeal despite Petitioner's contention that he directed trial counsel to do so. (Doc. No. 1). On April 4, 2011, the Court held an evidentiary hearing on this particular issue and, following presentation of evidence and argument, the Court denied and dismissed this claim, and ordered Respondent to file a response to Petitioner's remaining claims. Respondent filed its answer, (Doc. No. 17), and Petitioner has filed his response, (Doc. No. 24), and this matter is ready for resolution.

## II.     STANDARD OF REVIEW

    A.     Rule 12(b)(6) Motion to Dismiss

The district courts have discretion in the application of the Federal Rules of Civil Procedure in Section 2255 proceedings. United States v. Frady, 456 U.S. 152, 166-68, n.15 (1982) (discussing discretionary use of federal civil and criminal procedural rules in § 2255 proceeding). When a motion to dismiss is filed simultaneously with an answer, the motion should be construed as one for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When faced with a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In ruling on a Rule 12(b)(6) motion, the court "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. & Loan Inc., LLC, 634 F.3d 754, 768 (4th Cir. 2011). The court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385-86 (4th Cir. 2009).

    B.     Ineffective Assistance of Counsel

In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's

conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with errors of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). The Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id.

C.   Guilty Plea

In order to challenge his guilty pleas, Petitioner must show that but for counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." United States v. Lemaster, 403 F.3d 216, 219-20 (4th Cir. 2005) (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977) ). "The advantages of plea bargains 'can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality.'" Id. A defendant's sworn statements given

5

in open court during a Rule 11 hearing carry a strong presumption of truth. Blackledge, 431 U.S. at 74. A plea agreement which a defendant avers was freely and voluntarily entered into poses "a formidable barrier in any subsequent collateral proceeding." Id. "To adopt a more lenient approach and 'allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system--speed, economy, and finality.'" United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (citing Blackledge, at 71).

**III.  DISCUSSION**

Petitioner raises two remaining issues in his response. In his first issue, Petitioner asserts a claim of actual innocence and therein contends he was erroneously sentenced as an armed career criminal. (3:08-cv-51, Doc. 1 at 4, Doc. No. 24 at 2: Petitioner's Response). In his second issue, Petitioner contends his trial counsel rendered constitutionally defective assistance of counsel. (Doc. No. 1 at 5).

    A.    Armed Career Criminal

Petitioner argues he was improperly sentenced as an armed career criminal after pleading guilty to the one-count Indictment which charged a violation of 18 U.S.C. § 922(g). Petitioner contends that his 1991 conviction for a drug trafficking offense in North Carolina, which he concedes once carried a penalty of up to ten years in prison, could not support his status as an armed career criminal under 18 U.S.C. § 924(e)(1). (Doc. No. 1 at 5). Petitioner reasons that at the time he was sentenced by this Court, the North Carolina General Assembly had already reduced the maximum possible punishment for his 1991 drug conviction to less than 10 years in prison. He concludes that this intervening reduction in the penalty for his 1991 conviction disqualifies him as an armed career criminal.

Respondent contends that Petitioner's argument is foreclosed by the holding in McNeill v. United States, 131 S. Ct 2218 (2011). (Doc. No. 17 at 5). The Court agrees with Respondent. In McNeill, the Court considered an issue arising under the Armed Career Criminal Act ("ACCA"). Specifically, the Court considered the question of "how a federal court should determine the maximum sentence of a prior state drug offense for ACCA purposes. We hold that the 'maximum term of imprisonment' for a defendant's prior state drug offense is the maximum applicable to his offense when he was convicted of it." Id. at 2220. The Court noted that effective October 1, 1994, the North Carolina General Assembly reduced the maximum sentence for certain state drug offenses. Id. at 2221. The Court also noted that "North Carolina's revised sentencing scheme does not apply to crimes committed before October 1, 1994." Id. The Court reasoned that even if the defendant at issue in McNeill were convicted in the present day of crimes committed in 1991 and thus after the enactment of North Carolina's Structured Sentencing Act, the defendant would still be subject to the 10-year statutory maximum for the "serious drug offense." Id. at 2222.

Returning to the present case, Petitioner concedes that he was convicted of a serious drug offense which carried a maximum 10-year sentence at the time of his conviction in 1991. Petitioner's argument for relief due to an intervening change in North Carolina law must fail under McNeill as North Carolina's Structured Sentencing Act did not apply to his 1991 conviction. Every defendant who was convicted of a "serious drug offense" in North Carolina in 1991 and prior to October 1, 1994, was subject to the same 10-year maximum sentence which is the threshold requirement under the ACCA. The ultimate sentence imposed by the North Carolina trial court has no bearing in Petitioner's case. Accordingly, Petitioner's argument herein is dismissed.

B. Ineffective Assistance of Counsel

Through his second issue, Petitioner contends that his trial counsel rendered ineffective assistance of counsel during "sentencing proceedings in several respects, including his failure to be present at the presentence interview; failure to meet with Movant and review the presentence report; failure to investigate the prior state felony to determine whether it was a correct basis upon which to apply the proposed enhancement under 18 U.S.C. § 924(e); and failing to object and argue at sentencing that the Armed Career Criminal enhancement . . . was not applicable." (Doc. No. 1 at 5).

Petitioner makes no argument that he was prejudiced because his counsel was not present for the presentence interview and cites no law which finds that counsel's absence deprived him of his Sixth Amendment right to counsel. See United States v. Hicks, 948 F.2d 877, 886 (4th Cir. 1991) (finding "there is no such right to counsel at a routine presentence interview."). This argument is overruled.

Next, Petitioner contends he was deprived of his Sixth Amendment right to counsel because counsel failed to meet with him and review his PSR. (Doc. No. 1 at 5). Petitioner does not say how or why this deprived him of his Sixth Amendment right to counsel. In fact, Petitioner's argument is contradicted by his statements which he made during his sentencing hearing wherein Petitioner confirmed to the Court that he was satisfied with the services of his attorney, and that he had reviewed the PSR. (Doc. 37 at 2-3, 11: Transcript of Sentencing Hearing). This argument is overruled.

Lastly, Petitioner contends his counsel was ineffective for failing to investigate the effect of his 1991 North Carolina conviction on his status as an armed career criminal. (Doc. 1 at 5). During Petitioner's sentencing hearing, Petitioner's counsel patiently recounted his efforts to

8

explain to Petitioner that his 1991 conviction qualified him as an armed career criminal because it carried a maximum sentence of ten years. (Doc. 37 at 5-6, 11: Transcript of Sentencing Hearing). Petitioner cannot argue he suffered prejudice for ineffective assistance of counsel because his counsel made a correct statement of the law. Accordingly, Petitioner's argument is overruled.

## IV. CONCLUSION

After reviewing Petitioner's Motion in the light most favorable to Petitioner, the Court finds Petitioner has failed to state a claim upon which relief can be granted and is therefore not entitled to any of the relief he seeks through his Motion.

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is **DENIED** and **DISMISSED;**

2. Respondent's Motion to Dismiss for Failure to State a Claim, (Doc. No. 18), is **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that dispositive procedural is debatable, and that petition states a debatable claim of the denial of a constitutional right).

The Clerk is directed to send a copy of this Order to Thomas Lagene Franklin, Reg. No. 11045-058, FCI SCHUYLKILL, Federal Correctional Institution, PO Box 759, Minersville, PA 17954.

Signed: March 12, 2012

Robert J. Conrad, Jr.
Chief United States District Judge